UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NGOC ANH PHAN and LONG PHAN,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. AMTRAK; and DOES ONE THROUGH FIFTY.<br><br>Defendants. | CASE No. _____<br><br>COMPLAINT FOR PERSONAL INJURIES AND LOSS OF CONSORTIUM<br><br>JURY TRIAL DEMANDED |

COMES NOW Plaintiffs NGOC ANH PHAN and LONG PHAN and allege as follows:

**1.   PARTIES**

1.1   At the time of the tortious acts and omissions alleged herein, Plaintiff NGOC ANH PHAN was an individual residing in the City of Seattle, Washington. Plaintiff NGOC ANH PHAN currently resides in Portland, Oregon.

COMPLAINT
Page 1 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4ᵀᴴ FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

1.2     At the time of the tortious acts and omissions alleged herein, Plaintiff LONG PHAN was an individual residing in the City of Seattle, Washington. Plaintiff LONG PHAN currently resides in Portland, Oregon. At all times relevant to this action, Plaintiff LONG PHAN was and is legally married to and residing with Plaintiff NGOC ANH PHAN.

1.3     Defendant NATIONAL RAILROAD PASSENGER CORPORATION, d.b.a. AMTRAK (hereinafter "AMTRAK") conducts business throughout the United States, including the State of Washington. AMTRAK is a common carrier by railroad. AMTRAK operates AMTRAK Cascades Train 501 between Seattle, Washington and Portland, Oregon. On December 18, 2017, Cascades Train 501 was on its inaugural run on the Point Defiance Bypass of the Lakewood Subdivision when it derailed in DuPont, Washington.

1.4     The Washington Department of Transportation (WSDOT) and the Oregon Department of Transportation (ODOT) contract with AMTRAK to operate the Cascades service.  In 2006, WSDOT developed a long-range plan for AMTRAK Cascades that projected thirteen roundtrips between Portland and Seattle with speeds of up to one hundred and ten miles per hour.  In approximately 2010, WSDOT was awarded nearly $800 million in federal grants for twenty projects, including the Point Defiance Bypass improvements, which were to reduce travel time between Seattle and Portland by ten minutes. Approximately $180 million were allocated to the Point Defiance Bypass and the new Tacoma Station.

1.5     Sound Transit owns and maintains the Lakewood subdivision. Sound Transit contracted and collaborated with WSDOT to construct the improvements to the Lakewood Subdivision, including the Point Defiance bypass.

1.6     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein designated as DOES ONE through FIFTY are unknown to Plaintiffs at this time.

COMPLAINT
Page 2 of 10

HILDEBRAND MCLEOD & NELSON
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

BRENEMAN GRUBE OREHOSKI, PLLC
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

AMTRAK and DOES ONE through FIFTY owned, planned, designed, built, financed, approved, inspected, maintained, and repaired the train tracks at the Point Defiance bypass where AMTRAK Cascades Train 501 derailed. AMTRAK and DOES ONE though FIFTY also designed, manufactured, supplied, purchased, inspected, maintained, repaired and operated the locomotives and cars on AMTRAK Cascades Train 501 and all components and parts thereto and provided training related to the train and the track at issue.

1.7     Plaintiffs are informed and believe and therefore allege that each of said Defendants are responsible in some manner for the events and happenings and legally caused injuries and damages alleged herein. Plaintiffs will seek leave to amend this complaint to allege their true names as they are discovered.

1.8     That at all times herein mentioned, each Defendant was the agent, partner, servant, employer, independent contractor and/or joint venturer of each other Defendant and, at all times herein mentioned, was acting within the course and scope of said agency, partnership, employment, contract or joint venture.

## 2.     JURISDICTION AND VENUE

2.1     Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

2.2     This Court has jurisdiction over the subject matter of, and the parties to, this action under 28 U.S.C. § 1331 and 1349, which confers original jurisdiction on this Court over claims against corporations where the United States owns more than fifty percent of the capital stock.

2.3     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because a substantial part of the event or omission giving rise to the claim occurred in this District.

COMPLAINT
Page 3 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

## 3. GENERAL ALLEGATIONS

3.1 Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

3.2 On December 18, 2017, AMTRAK Cascades Train 501 was scheduled to travel from Seattle, Washington to Portland, Oregon on its inaugural run on the Point Defiance Bypass of the Lakewood Subdivision.

3.3 At approximately 7:33 a.m., AMTRAK Cascades train 501 derailed when approaching a curved railroad bridge across Interstate 5 near Mounts Road in DuPont, Washington, on the Point Defiance Bypass.

3.4 There is a thirty-miles per hour (30 mph) permanent speed restriction at the curve. The train was traveling eighty-three miles (83 mph) per hour approaching the curve. Six seconds prior to the derailment, the engineer applied the air brakes and the train speed decreased to seventy-eight miles per hour (78 mph) as the train entered the 30-mph curve.

3.5 AMTRAK began training and qualifying crews over the Point Defiance Bypass in November 2017. AMTRAK conducted all familiarization trips over the course of a ten-day period. All familiarization trips were conducted at night due to ongoing construction. Engineers rotated between observing and operating from the lead locomotive and riding and observing from the trailing locomotive. Conductors rode in the coaches or in the trailing locomotive to observe the territory for familiarization. Engineers were required to operate the train only one round trip over the territory to qualify. To complete the qualification, engineers were given a ten-question physical characteristics test; the conductors, a six-question test.

COMPLAINT
Page 4 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

3.6     The AMTRAK Cascades Train 501 was equipped with a new Siemens Charger locomotive.  The engineer participated in training on the new Siemens Charger locomotive in the Summer of 2017. Training consisted of in-class instruction and a tour of the locomotive.  The engineer was not able to operate the locomotive at the time.  He operated the locomotive during his familiarization rides in November 2017.  When he saw and heard the overspeed alarms on the locomotive control panels more than 30 seconds prior to the derailment, he did not know their meaning.  He was not accompanied by a road foreman on the inaugural trip.

3.7     In 2008, following the Chatsworth train collision between a Union Pacific freight train and a Metrolink commuter train in Los Angeles, Congress enacted the Rail Safety Improvement Act (RSIA) mandating that passenger railroads institute operative Positive Train Control systems on each of their trains and tracks by 2015.  Congress later extended the deadline to 2018.  Positive Train Control is an automatic system designed to automatically engage a train's brakes when the engineer fails to reduce speed. The Positive Train Control equipment was installed on the new track on the Point Defiance Bypass and was undergoing testing when the new route opened.  AMTRAK opted to operate the Cascades Train 501 through the Point Defiance Bypass prior to the Positive Train Control system being operative on the track.

3.8     In 2015, as a result of the derailment of AMTRAK Train No. 188 near Philadelphia, the Federal Railroad Administration (FRA) published Emergency Order 31, "Establishing Requirements for the National Passenger Corporation to Control Passenger Train Speeds at Certain Locations Along the Northeast Corridor."  On June 12, 2015, the FRA issued Safety Advisory 2015-03, which contained recommendation that passenger railroads survey their entire track system and identify main track locations where there is a reduction of more than 20 mph from the approach speed limit to the speed

COMPLAINT
Page 5 of 10

HILDEBRAND MCLEOD & NELSON
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

BRENEMAN GRUBE OREHOSKI, PLLC
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

limit through a curve or bridge and, where the railroad utilized an Automatic Train Control (ATC), ensure the system's compliance with the applicable speed limits. Where the train was not equipped with ATC, all train movements were to be made with a second qualified crew member in the cab of the controlling locomotive.  In response to Emergency Order 31, AMTRAK developed a Speed Limit Reduction Action Plan that lists all locations and mitigation requirements throughout the AMTRAK national network where permanent speed restrictions are in place.

3.9     In 2015, Congress enacted the Fixing America Surface Transportation (FAST) Act. Under the FAST Act, the Department of Transportation was to report to Congress on the actions taken by Railroad in response to Safety Advisory 2015-03. Both AMTRAK and Sound Transit submitted responses.

3.10    On November 6, 2015, Sound Transit issued Sounder Commuter Rail Timetable # 1.  This timetable included the recommendation of FRA Safety Advisory 2015-03 and required communication between the train crew about permanent speed restrictions for Sounder trains.  On November 13, 2017, Sound Transit issued Sounder Commuter Rail Timetable No.2, which included speed restrictions and specific instructions for AMTRAK trains operating over the Lakewood subdivision.  The timetable did not include required communication of speed reduction for Southbound train at the accident location.

3.11    In addition, AMTRAK failed to update its Speed Reduction Action Plan to include the speed limit reduction at the location of the derailment.  The Action Plan in effect at the time of the derailment did not provide any information about the location of the derailment.

3.12    Plaintiff NGOC ANH PHAN was riding as a passenger aboard AMTRAK Cascades Train 501 when the train derailed, causing her car to fall from the track to the road below.

HILDEBRAND MCLEOD & NELSON
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

BRENEMAN GRUBE OREHOSKI, PLLC
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

3.13    As a result of the derailment, Plaintiff NGOC ANH PHAN was violently thrown around the coach and against a window, causing her to lose consciousness and experience amnesia. She suffered and continues to suffer severe, permanent, and disabling injuries including carotid artery dissection, cervical trauma, occipital condyle fracture with alar ligament disruption, traumatic brain injury with associated headaches, loss of memory, tinnitus, and other symptoms, molar fractures, abrasion to the mandible, right ear laceration and contusion, tarsal navicular facture, and bruising throughout her body. She experienced and continues to experience severe pain and suffering, excessive stress and anxiety, and emotional shock giving rise to damages herein set forth.

3.14    As a result of the derailment, Plaintiff NGOC ANH PHAN was forced to, did incur, and continues to incur indebtedness for the services of licensed physicians and surgeons for x-rays, MRI's, medicines, appliances, surgery, hospitalization, and household care in a sum as yet unascertainable, and Plaintiff NGOC ANH PHAN is informed and believes, and thereupon alleges, that she will require further medical attention as a result of said injuries and will therefore incur a further indebtedness in an amount as yet unascertainable, and to be proven at trial.

3.15    Plaintiff NGOC ANH PHAN has incurred, and will likely continue to incur lost wages, lost earning capacity, and loss of fringe benefits as a result of her injuries, which shall be shown according to proof at the time of trial.

## 4.  CAUSES OF ACTION

*First Cause of Action*

(*Negligence as to AMTRAK*)

4.1    Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

COMPLAINT
Page 7 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

4.2     At all times relevant, Defendants AMTRAK and DOES ONE through FIFTY owed Plaintiff NGOC ANH PHAN a duty to exercise reasonable and ordinary care in the performance of AMTRAK Cascades Train 501.

4.3     Defendant AMTRAK failed to exercise ordinary care when they, among other acts or omissions:

   a. Failed to operate AMTRAK Cascades Train 501 safely, including operating the train at speeds far in excess of the posted speed limit;

   b. Failed to sufficiently supervise its agents and employees in the proper operation of the train; and

   c. Failed to implement the Positive Train Control system or other safety device prior to launching train operations on the Point Defiance Bypass;

   d. Failed to provide adequate training to train crews related to the qualification to operate on the Lakewood subdivision and operation of Siemens Charger locomotives.

   e. Failed to comply with application federal statutes, regulations, and standards of care, including by failing to include the curve on Point Defiance Bypass in AMTRAK's Speed Reduction Action Plan prior to December 18, 2017.

4.4     AMTRAK's negligence was the proximate and legal cause of Plaintiff NGOC ANH PHAN' injuries and damages.

4.5     As a direct and legal result of AMTRAK's negligence, Plaintiff NGOC ANH PHAN suffered injuries and damages as herein alleged.

//

//

COMPLAINT
Page 8 of 10

HILDEBRAND MCLEOD & NELSON
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

BRENEMAN GRUBE OREHOSKI, PLLC
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

*Second Cause of Action*

(*Loss of Consortium as to AMTRAK*)

4.6     Plaintiffs re-allege and incorporate all preceding paragraphs contained in this complaint as if set forth in full and at length herein.

4.7     At all times relevant, Plaintiffs were legally married and Plaintiffs continue to be married.

4.8     As a result of the wrongful and negligent acts of the Defendant AMTRAK, the Plaintiff LONG PHAN was caused to suffer, and will continue to suffer in the future, loss of consortium, fellowship, company, and cooperation in his marital relationship with Plaintiff NGOC ANH PHAN, including loss of emotional support, love, affection, care, services, and companionship, all to the detriment of Plaintiffs' marital relationship.

4.9     AMTRAK's negligence was the proximately and legal cause of Plaintiff LONG PHAN's injuries and damages as alleged herein.

## 5.     PRAYER FOR RELIEF

5.1     WHEREFORE, Plaintiffs pray for judgment against the Defendants, as follows:

5.2     For general damages, including pain and suffering, disability, and loss of enjoyment of life, and other damages provided by law and in amounts to be proven at trial.

5.3     For noneconomic damages, including loss of consortium, fellowship, company, and cooperation, in amounts to be proven at trial.

5.4     For past and future medical and out-of-pocket expenses, in an amount to be proven at trial.

5.5     For past and future economic damages, in an amount to be proven at trial.

5.6     For lost earning capacity, in an amount to be proven at trial.

COMPLAINT
Page 9 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

5.7   For pre-judgment and post-judgment interest as allowed by law.

5.8   For costs of suit incurred herein.

5.9   For all such other and further relief as the Court deems just and equitable and all other damages provided by law.

DATED this 27th day of September, 2018.

HILDEBRAND, MCLEOD & NELSON, LLP

By: */s/ Carole M. Bosch*
Carole M. Bosch, WSBN #53844
bosch@hmnlaw.com
Attorneys for Plaintiffs

BRENEMAN GRUBE OREHOSKI, PLLC

By: */s/ Joseph A. Grube*
Joseph A. Grube WSBA #26476
Karen K. Orehoski, WSBA #35855
Attorneys for Plaintiffs
joe@bgotrial.com
karen@bgotrial.com

COMPLAINT
Page 10 of 10

**HILDEBRAND MCLEOD & NELSON**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**BRENEMAN GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 625, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)