THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NGOC ANH PHAN and LONG PHAN,

        Plaintiffs,

        v.

NATIONAL RAILROAD PASSENGER
CORPORATION, d.b.a. AMTRAK,

        Defendant.

No. 3:18-cv-05784-BHS

**PLAINTIFFS' OPPOSITION TO
AMTRAK'S MOTION TO STRIKE
EXPERT OPINIONS**

**NOTE ON MOTION CALENDAR:
TUESDAY, MAY 3, 2022**

Plaintiffs oppose Defendant's motion to strike the supplemental expert reports of Cloie Johnson and Robert Johnson because these reports were timely disclosed and are proper supplementations of Ms. Johnson's and Mr. Johnson's original reports with material information previously not available.

Unlike Amtrak's suggestion that these reports contain "two entirely new expert opinions that radically transform the scope of this case," instead, the supplemental reports fill in previously identified gaps in the experts' original reports.  At the time Ms. Johnson and Mr. Johnson submitted their original reports, Ms. Phan had taken a leave of absence from work due to her injuries. Both experts noted in their original reports that Ms. Phan was on leave from work and may experience a permanent loss of earning

PLAINTIFFS' OPPOSITION TO AMTRAK'S
MOTION TO STRIKE - 1
No. 3:18-CV-05785-BHS

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

capacity if Ms. Phan was unable to return to work in her former capacity.  With the approval of her physiatrist, Dr. Lawlor, Ms. Phan returned to work on a part-time basis on February 7, 2022 and gradually tried to increase her hours.  Unfortunately, Ms. Phan's symptoms flared up as she increased work.  On April 6, 2022, Ms. Johnson learned, based on a conversation with Dr. Lawlor, that Ms. Phan would, more likely than not, be limited to part time work for her work life expectancy because of her injuries.  The learning of this previously unavailable material information required Ms. Johnson and Mr. Johnson to supplement their reports as Ms. Phan's reduced work life expectancy affects her vocational capacity and her income loss analysis.

Amtrak also argues that Plaintiffs' supplemental reports are untimely because they should have been disclosed at the time discovery closed on January 14, 2022.  Amtrak is mistaken because supplementary reports are due at the time of pretrial disclosures and not at the close of discovery.  When Plaintiffs learned that Ms. Phan would, more likely than not, be limited to part-time work, it timely supplemented its experts' reports, as required by the Federal Rules of Civil Procedure.

## I.      FACTUAL BACKGROUND

On May 3, 2021, Plaintiffs timely disclosed expert witnesses Cloie Johnson and Robert Johnson and both experts submitted expert reports.  Ms. Johnson submitted a life care plan and vocational rehabilitation report and Mr. Johnson submitted an economic loss report.

Ms. Johnson's life care plan and vocational rehabilitation report noted that Ms. Phan had recently started a leave of absence from work as of April 22, 2021 to recover from her injuries.  Ms. Phan told Ms. Johnson that she planned to take three months off to begin with, but that this may be extended depending on how her recovery is going.  Declaration of Scott H. Levy, Exhibit A, Cloie Johnson's Life Care Plan and Vocational Rehabilitation Report of May 3, 2021, at 19-20.  Ms. Johnson opined that "should she [Ms. Phan] have residual impairments which do not permit her to return to her prior work and pattern she will experience a permanent loss of earning capacity." *Id.* at 22.

HILDEBRAND MCLEOD & NELSON LLP
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

GRUBE OREHOSKI, PLLC
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

Robert Johnson's economic loss report provided that Ms. Phan would suffer an income loss of 6 months per Cloie Johnson's expert report due to her leave of absence, and Mr. Johnson specifically noted that "[i]n the event Ms. Phan is unable to work and her Income Loss continues past 6 months, her Income Loss would accrue." Declaration of Scott H. Levy, Exhibit B, Robert Johnson's Economic Loss Report of May 3, 2021, at 6.

On June 7, 2021, Amtrak took the deposition of Ms. Phan's physiatrist, Dr. Lawlor.  Dr. Lawlor was asked about Ms. Phan's leave of absence from work and whether Ms. Phan would be able to return to work full time. Dr. Lawlor testified that Ms. Phan's ongoing painful conditions were impacting her ability to work, that Ms. Phan was taking leave to focus on her recovery, and that she didn't know yet whether Ms. Phan would be able to return to work full time.  Declaration of Scott H. Levy, Exhibit C, Deposition Transcript of Dr. Jennifer Lawlor, June 7, 2021, at 33:23-35:10, 41:20-42:10

On January 12, 2022, Dr. Lawlor approved Ms. Phan's return to work on a light duty basis of two hours per day, five days per week and on February 7, 2022, Ms. Phan returned to work two hours per day.

On February 18, 2022, Dr. Lawlor re-evaluated Ms. Phan. Dr. Lawlor documented that Ms. Phan was "quite flared with return to work and responsibilities" since recently returning to work. Dr. Lawlor documented that Ms. Phan should continue at 2 hours per day through March 18, 2022. Declaration of Scott H. Levy, Exhibit D, Medical Records of Dr. Jennifer Lawlor, February 18, 2022 at 1.

On March 9, 2022, Ms. Johnson spoke to Ms. Phan who told Ms. Johnson that she had recently increased working to three to four hours per day and planned to continually increase her hours as she was able. Declaration of Scott H. Levy, Exhibit E, Cloie Johnson's Supplemental Life Care Plan and Vocational Rehabilitation Report of April 19, 2022, at 7.

On April 6, 2022, Ms. Johnson consulted with Dr. Lawlor.  Dr. Lawlor indicated she was concerned about Ms. Phan's ability to achieve full time status.  Dr. Lawlor told Ms. Johnson that she does not believe Ms. Phan will have the ability to work full time on a more probable than not basis.

PLAINTIFFS' OPPOSITION TO AMTRAK'S
MOTION TO STRIKE - 3
No. 3:18-CV-05785-BHS

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

1    Declaration of Scott H. Levy, Exhibit E, Cloie Johnson's Supplemental Life Care Plan and Vocational

2    Rehabilitation Report of April 19, 2022, at 8.

3            On April 19, 2022, Ms. Johnson supplemented her life care plan and vocational rehabilitation

4    report and indicated that Ms. Phan will be limited to part time work for the remainder of her work life

5    on a more probable than not basis.   Declaration of Scott H. Levy, Exhibit E, Cloie Johnson's

6    Supplemental Life Care Plan and Vocational Rehabilitation Report of April 19, 2022, p. 9.  Ms. Johnson

7    then explored what employment opportunities would be available to Ms. Phan in her field on a part-time

     basis. *Id.*

8            On April 25, 2022, Mr. Johnson supplemented his economic loss report.  Based on Ms. Johnson's

9    opinion that Ms. Phan will be limited to part time work for the remainder of her work life, Mr. Johnson

10   calculated Ms. Phan's lost income by subtracting Ms. Phan's mitigating income from part time work

11   from Ms. Phan's expected income until the end of her work-life capacity. Declaration of Scott H. Levy,

12   Exhibit F, Robert Johnson's Supplemental Economic Loss Report of April 25, 2022, at 7.

13            On April 25, 2022, Plaintiffs served Ms. Johnson's Supplemental life care plan and vocational

14   rehabilitation report and Mr. Johnson's Supplemental economic loss report.

15           On April 25, 2022, Defendants took a supplemental deposition of Plaintiff Ms. Phan and asked

16   her several questions about her leave of absence from work and future work plans.

17                        **III.    AUTHORITY & ARGUMENT**

18           **A.    Plaintiffs' Supplemental Expert Reports Were Timely Submitted**

19           Rule 26(e) requires supplementation of an expert report "in a timely manner if the party learns

20   that in some material respect the disclosure or response is incomplete or incorrect, and if the additional

21   or corrective information has not otherwise been made known to the other parties during the discovery

22   process or in writing." Fed. R. Civ. P. 26(e)(1)(A). For an expert, "[a]ny additions or changes to this

23   information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

24   Fed. R. Civ. P. 26(e)(2).

25   PLAINTIFFS' OPPOSITION TO AMTRAK'S            **HILDEBRAND MCLEOD & NELSON LLP**
     MOTION TO STRIKE - 4                          350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
     No. 3:18-CV-05785-BHS                          (800) 447-7500 | (510) 465-7023 (fax)

26                                                  **GRUBE OREHOSKI, PLLC**
                                                    1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
                                                    (206) 624-5975 | (206) 770-7607 (fax)

Plaintiffs' experts had a duty to supplement their expert reports when Ms. Johnson learned from Dr. Lawlor on April 6, 2022, that Ms. Phan would not be able to return to work in her former capacity. Cloie Johnson and Robert Johnson both then timely submitted supplemental expert reports on April 25, 2022, on the date when the Court ordered the party's pretrial disclosures were due.   Dkt. 32.

Amtrak incorrectly states that Plaintiffs' supplemental expert reports were untimely because they were due at the close of discovery. "The time for supplementation is not limited to the discovery period." *Burger v. Excel Contractors, Inc.*, Case No. 2:12-cr-01634-APG-CWH, 2013 U.S. Dist. LEXIS 153535, 2013 WL 5781724, at *3 (D. Nev. Oct. 25, 2013). Rule 26(e)(2) requires supplementation of expert reports to occur "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Abila v. United States of America*, 2011 U.S. Dist. LEXIS 42944, at *2 (D. Nev. Apr. 14, 2011).  Plaintiffs timely submitted their supplemental reports by the time Plaintiffs' pretrial disclosures were due on April 25, 2022.

### B.      Plaintiffs' Experts Reports Were Properly Supplemented With Previously Unavailable Information

Plaintiffs' experts Cloie Johnson and Robert Johnson properly supplemented their expert reports after Ms. Johnson learned on April 6, 2022 that Ms. Phan, more likely than not, would be unable to return to work full time and would only be able to work part time for the remainder of her work life expectancy.

Supplementing an expert report is properly used to "correct an inaccuracy in the Plaintiffs' original disclosure," or to "fill in a gap based on information previously unavailable to the Plaintiffs." *See Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (finding district court did not err in rejecting supplemental expert report because the new opinions "did not correct an inaccuracy in the Plaintiffs' original disclosures, nor did it fill in a gap based on information previously unavailable to the Plaintiffs."). In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information corresponds to a prior Rule 26(a) disclosure

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

and, if so, (2) whether the supplemental information was available at the time set for the initial disclosure." *Martinez v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 129532, 336 F.R.D. 183, 186-87 (S.D. Cal. 2020).  "[S]upplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation." *Id.* at 189.

Here, Ms. Johnson and Mr. Johnson properly supplemented their expert reports to "fill in a gap based on information previously unavailable."  Plaintiffs' experts did not omit material information about Ms. Phan's work capacity or inadequately prepare their original reports.  Both Cloie Johnson and Robert Johnson stated in their original expert reports that Ms. Phan was taking a leave of absence from work and if Ms. Phan was not able to return to work in her former capacity, their reports would need to be supplemented.  Specifically, Ms.  Johnson stated in her original report that "should she [Ms. Phan] have residual impairments which do not permit her to return to her prior work and pattern she will experience a permanent loss of earning capacity."  Ever since, Ms. Johnson has monitored Ms. Phan's work status.  Similarly, Mr. Johnson's original report noted that his original economic loss report assumed Ms. Phan would suffer an income loss of 6 months per Ms. Johnson's expert report, but Mr. Johnson specifically noted that "[i]n the event Ms. Phan is unable to work and her Income Loss continues past 6 months, her Income Loss would accrue." Declaration of Scott H. Levy, Exhibit B, Robert Johnson's Economic Loss Report of May 3, 2021, p. 22.

The supplemental information – that Ms. Phan is unable to return to work full time – was not available until the time of supplementation because Ms. Phan had only returned to work part-time as of February 7, 2022 and then tried to ramp back up. It wasn't until April 6, 2022, that Ms. Johnson learned from Dr. Lawlor that because of flared up symptoms, Ms. Phan would, more likely than not, be limited to part time work for her work life expectancy.  Once Ms. Johnson learned that Ms. Phan would not be able to return to work in her former capacity, Ms. Johnson and Mr. Johnson supplemented their reports with the new information.

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

1

**C.     The Submission of the Supplemental Reports of Plaintiffs' Experts was Substantially Justified and/or Harmless.**

2

3      If the court finds that the supplemental reports of Plaintiffs experts do not constitute a valid

4      supplement under Rule 26(e), the court must then decide under Rule 37(c) whether the submission of

5      the supplemental expert reports were "either substantially justified or harmless." *Campbell v. United States*, 470 Fed. Appx. 153, 157 (4th Cir. 2012); Fed. R. Civ. P. 37(c).

6      In making such a determination, courts consider the following factors: (1) the explanation for

7      making the supplemental disclosure at the time it is made; (2) the importance of the supplemental

8      information to the proposed testimony of the expert, and the expert's importance to the litigation; (3)

9      potential prejudice to an opposing party; and (4) the availability of a continuance to mitigate any

10     prejudice. *Tucker v. Ohtsu Tire & Rubber Co.*, 49 F. Supp. 2d 456, 461 (D. Md. 1999).

11     First, Plaintiffs made the supplemental disclosure when they did because they had just learned

12     the information.  Plaintiffs and Defendants have known since April 2021 that Ms. Phan was taking a

13     leave of absence and then learned that Ms. Phan was returning to work on a part time basis in February

14     2022.  It wasn't until April 2022, that Plaintiffs learned from Dr. Lawlor that, more likely than not, Ms.

15     Phan would be limited to part time work for her work life expectancy. Immediately after learning this

16     material information, Ms. Johnson began preparing her supplemental report.  When Ms. Johnson's

17     supplemental life care plan and vocational rehabilitation report was ready, Mr. Johnson began

18     preparing his supplemental economic loss report.  Plaintiffs then timely produced the supplemental

       reports.

19     Second, the opinion expressed by Ms. Johnson that Ms. Phan will be limited to part time work

20     for her work life expectancy goes to the heart of Ms. Phan's future vocational abilities.  This opinion

21     also significantly impacts Ms. Phan's economic losses since, more likely than not, she will not be able

22     to return to work in her pre-morbid capacity.  Thus, the supplementations by Ms. Johnson and Mr.

23     Johnson go to an issue of unquestionable importance to this litigation.

24

25     PLAINTIFFS' OPPOSITION TO AMTRAK'S
       MOTION TO STRIKE - 7
       No. 3:18-CV-05785-BHS

26

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)

1    Third, there is little risk of prejudice here because there is no risk of surprise at trial because

2  Amtrak already knew that Ms. Phan was out of work because of her injuries and now knows that Ms.

3  Phan's physiatrist, Dr. Lawlor, believes that, more likely than not, Ms. Phan will be limited to part

4  time work for the remainder of her work life capacity.

5    Fourth, should the Court find that Amtrak is entitled to additional discovery, Plaintiffs are

6  willing to produce Dr. Lawlor, Ms. Johnson, and Mr. Johnson for deposition on an expedited basis.

7  Plaintiffs do not believe that a continuance is warranted at this time.

8    Application of the four factors discussed above compels the denial of the defendants' motion to

9  strike Plaintiffs' supplemental expert reports because the supplementation of Plaintiffs' expert reports

10  was substantially justified.

## IV.    CONCLUSION

11    As detailed herein, Plaintiffs respectfully request that this court deny Defendant's Motion to

12  Strike Plaintiffs' Supplemental Expert Reports.

13  DATED this 3rd day of May 2022

14                                HILDEBRAND McLEOD & NELSON, LLP

15                                By: /s/ Anthony S. Petru
                                  Anthony S. Petru (admitted pro hac vice)
16                                Scott H. Levy (admitted pro hac vice)
                                  350 Frank H. Ogawa Plaza, 4th Floor
17                                Oakland, CA 94612
                                  petru@hmnlaw.com
18                                levy@hmnlaw.com

19                                GRUBE OREHOSKI PLLC

20                                By: /s/ Joseph A. Grube
                                  Joseph A. Grube, WSBA No. 26476
21                                joe@go-trial.com

22                                Attorneys for Plaintiffs

23

24

25  PLAINTIFFS' OPPOSITION TO AMTRAK'S          **HILDEBRAND MCLEOD & NELSON LLP**
    MOTION TO STRIKE - 8                        350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
    No. 3:18-CV-05785-BHS                       (800) 447-7500 | (510) 465-7023 (fax)

26
                                               **GRUBE OREHOSKI, PLLC**
                                               1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
                                               (206) 624-5975 | (206) 770-7607 (fax)

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys and parties of record.

3

4

Executed this May 3, 2022, at Oakland, California.

5

Pursuant to FRCP 5(b), I certify that I am an employee of Hildebrand, McLeod & Nelson, LLP, who are members of the bar of this court and at whose direction this service was made.

6

7

8
_____

9
Elena Jimenez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFFS' OPPOSITION TO AMTRAK'S
MOTION TO STRIKE - 9
No. 3:18-CV-05785-BHS

25

**HILDEBRAND MCLEOD & NELSON LLP**
350 FRANK H. OGAWA PLAZA, 4TH FLOOR, OAKLAND, CA 94612
(800) 447-7500 | (510) 465-7023 (fax)

26

**GRUBE OREHOSKI, PLLC**
1200 FIFTH AVENUE, STE 1711, SEATTLE, WA 98101
(206) 624-5975 | (206) 770-7607 (fax)